UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALTURAS INDIAN RANCHERIA,
a federally recognized
Indian tribe,

        NO. CIV. S-11-2070 LKK/EFB

    Plaintiff,

  v.                       O R D E R

CALIFORNIA GAMBLING
CONTROL COMMISSION, an
agency of the State of
Calfiornia,

    Defendant.
_____/

    Plaintiff in this case is the Del Rosa faction of the Alturas Indian Rancheria, a federally recognized Indian Tribe. Plaintiff has filed an ex parte application for a Temporary Restraining Order that would enjoin defendant California Gambling Control Commission from releasing funds held in trust for the Tribe to the Internal Revenue Service. The IRS is attempting to collect the funds pursuant to a "Notice of Levy," which plaintiff became aware of on or about July 20, 2011.

1

# I. BACKGROUND

On August 1, 2011, Plaintiff, the Del Rosa Faction of the Alturas Indian Rancheria filed suit against the California Gambling Control Commission ("CGCC") in Sacramento County Superior Court. See Notice of Removal, ECF No. 1. The complaint, which seeks declaratory and injunctive relief, alleges that plaintiff is entitled to monetary distributions from California's Revenue Sharing Trust Fund ("RSTF"). Pursuant to state law, those funds are distributed quarterly to participating tribes through the CGCC, as trustee. According to plaintiff, "at the beginning of 2010, the CGCC determined that a leadership dispute within the Tribe required the Commission to withhold RSTF distributions pending resolution of the dispute."[1]

On or about July 20, 2011, plaintiff became aware that the IRS had contacted the CGCC seeking levies against the Tribe's RSTF funds.[2] At a meeting held on July 28, 2011, the CGCC voted to recognize the levies and to allow the IRS to execute the levies. Plaintiff claims that the Tribe has no knowledge of what the levies correspond to, and requested time from the CGCC for the Tribe investigate the matter directly with the IRS. Plaintiff alleges that the CGCC's conduct constitutes breach of a tribal-state

---

[1] That leadership dispute is also at the center of a related action filed in this court, Alturas v. Salazar, 10-1997.

[2] In a letter from the CGCC to the IRS, CGCC indicated that it believed that the levies were related to unpaid employment taxes. See July 19, 2011 Letter from Tina Littleton to Fara Mills, ECF No. 9-2 at 99.

2

compact, and breach of the covenant of good faith and fair dealing.

On August 1, 2011, plaintiff filed an application for a Temporary Restraining order in state court, which was set for hearing on August 4, 2011. On August 3, 2011, defendant CGCC removed this action to federal court.

Plaintiff's counsel was informed, by a letter dated August 5, 2011, that the CGCC would be processing and releasing a check to the IRS as soon as it became available. St. Germain Decl. ¶ 7, ECF No. 9-1. In a telephone conversation on August 8, 2011, plaintiff's counsel was again informed by Deputy Attorney General Neil Houston that the CGCC would process and release the check. Plaintiff has not stated the date on which the check will be processed, but has indicated that "the release of funds is imminent." TRO Checklist, ECF No. 9-5.

Plaintiff informed defense counsel by voicemail on August 9, 2011 that plaintiff would be filing for a Temporary Restraining Order in this court. St. Germain Decl. ¶ 12.

**II. STANDARD OF REVIEW FOR FED. R. CIV. P. 65 MOTION FOR A TEMPORARY RESTRAINING ORDER**

Fed. R. Civ. P. 65 provides authority to issue either preliminary injunctions or temporary restraining orders. The requirements for a temporary restraining order are largely the same as for a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 (9th Cir. 2001); see also Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (2d ed.). A preliminary injunction is an "extraordinary remedy."

3

1  <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7,
2  22 (2008) (internal citation omitted). When a court considers
3  whether to grant a motion for a preliminary injunction, it
4  balances "the competing claims of injury, . . . the effect on
5  each party of the granting or withholding of the requested
6  relief, . . . the public consequences in employing the
7  extraordinary remedy of injunction," and plaintiff's likelihood
8  of success. <u>Id.</u> at 20, 24 (quoting <u>Amoco Prod. Co. v. Gambell</u>,
9  480 U.S. 531, 542 (1987); <u>Weinberger v. Romero-Barcelo</u>, 456 U.S.
10 305, 312 (1982). In order to succeed on a motion for a
11 preliminary injunction, the plaintiff must establish that "he is
12 likely to succeed on the merits, that he is likely to suffer
13 irreparable harm in the absence of preliminary relief, that the
14 balance of equities tips in his favor, and that an injunction is
15 in the public interest." <u>Winter</u>, 555 U.S. at 20.

16      Courts apply a more stringent standard where an adverse
17 party has not received notice of a motion for a TRO.
18 Specifically, courts may only "issue a temporary restraining
19 order without written or oral notice to the adverse party or its
20 attorney if: [¶] (A) specific facts in an affidavit or a
21 verified complaint clearly show that immediate and irreparable
22 injury, loss, or damage will result to the movant before the
23 adverse party can be heard in opposition; and [¶] (B) the
24 movant's attorney certifies in writing any efforts made to give
25 notice and the reasons why it should not be required." Fed. R.
26 Civ. P. 65(b)(1).

4

### III. ANALYSIS

**i. Likelihood of success on the merits**

Plaintiff claims that it is likely to succeed on the merits of its breach of contract claim because the defendant has no discretion under the contract "with respect to the use or disbursement of funds. Its sole authority shall be to serve as a depository of the trust funds and to disburse them on a quarterly basis to Non-Compact[3] Tribes." Tribal-State Compact between the State of California and the Alturas Rancheria § 4.3.2.1(b), Ex. B to Del Rosa Decl., ECF No. 9-2.

Upon a plain reading of the Tribal-State Compact, the court concludes that plaintiff has a likelihood of success on the merits, warranting a Temporary Restraining Order on the release of the funds to the IRS.

**ii. Irreparable injury**

Plaintiff alleges that it will be irreparably injured if the IRS is allowed to execute its levies against the Tribe's RSTF funds without a proper finding regarding the origination of the Tribes alleged tax liability. Plaintiff relies on RSTF revenue, and would be without recourse if it is later found that the tax liabilities underlying the levies are not the result of a tribal enterprise. Plaintiff also alleges that the release of funds held in trust for the Tribe by the CGCC, to the IRS,

---

[3] Plaintiff is considered a "Non-Compact Tribe" because its casino operates fewer than 350 devices. Pl.'s Ex Parte Application for a TRO 2.

5

interferes with the Tribe's government-to-government relationship with the United States, a hallmark of the Tribe's sovereignty. The release of funds by the CGCC amounts to "unilaterally remov[ing] the Tribe from the decision-making process, causing great harm to the Tribe and its relations with the United States." Pl.'s Ex Parte Application for a TRO 5.

Although plaintiff has not told the court the specific date on which the funds will be released, plaintiff has satisfied the court that the release of funds is imminent. On August 5, 2011, plaintiff received a letter from defendant that the check would be processed "as soon as it became available." St. Germain Decl. ¶ 7. Plaintiff's counsel Richard Armstrong was informed by CGCC's general counsel that the funds would be released within "between a few days and a few weeks" of July 28, 2011. Armstrong Decl. ¶ 9.

The court finds that plaintiff will suffer an irreparable injury in the absence of a Temporary Restraining Order.

### iii. Balance of equities

According to plaintiff, the CGCC voted to allow the IRS to collect the funds without clarifying the nature of the levies, or whether the Tribe was in fact liable for any unpaid taxes. The Tribe requested that the CGCC delay authorization of the release of funds in order to get clarification from the IRS about the tax liability. The court concludes that a delay in the release of funds to the IRS will not cause any undue hardship on the defendant in this case, which is acting as a trustee of the

6

Tribe's RSTF revenue, and the balance of equities tips in favor of plaintiff.

**iv. The public interest**

There is a public interest in the collection, by the IRS, of unpaid taxes. However, the court finds that the public's interest in respecting tribal sovereignty and in honoring the State-Tribal compact outweighs that interest, given that a temporary restraining order will not deprive the IRS of the opportunity to collect any unpaid taxes owed after the expiration of the temporary restraining order or any injunction issued by this court.

### IV. CONCLUSION

For the reasons discussed herein, the court ORDERS as follows:

> [1] Plaintiff's ex parte application for a temporary restraining order, ECG No. 9 is GRANTED.
>
> [2] Defendant, its officers, agents, and employees and attorneys and those persons in active concert with them who receive actual notice of the order by personal service or otherwise are ENJOINED from distributing funds from plaintiff's Revenue Sharing Trust Fund account administered by the CGCC.
>
> [3] Defendant may, pursuant to Fed. R. Civ. P. 65(b)(4), move to dissolve or modify this Temporary Restraining Order within two (2) days of the issuance of this order.

7

1     [4] A hearing on plaintiff's motion for a preliminary
2     injunction is SET for August 29, 2011 at 1:30 p.m.
3     [5] Defendant SHALL file an opposition or statement of
4     non-opposition to the preliminary injunction no later
5     than August 15, 2011. Plaintiff's reply, if any, SHALL
6     be filed no later than August 18, 2011.
7     [6] Good cause exists to extend the TRO to allow
8     adequate time for briefing on the motion in this case.
9     <u>See</u> Fed. R. Civ. P. 65(b)(2). The Temporary
10    Restraining Order SHALL remain in effect through the
11    hearing on August 29, 2011.
12    [7] Plaintiff SHALL post a bond in the amount of $140
13    within fourteen (14) days of the issuance of this
14    order.
15 IT IS SO ORDERED.
16 DATED: August 10, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT