UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALTURAS INDIAN RANCHERIA,
a federally recognized
Indian tribe,

        NO. CIV. S-11-2070 LKK/EFB

    Plaintiff,

  v.                                O R D E R

CALIFORNIA GAMBLING
CONTROL COMMISSION, an
agency of the State of
California,

    Defendant.
_____/

    Plaintiff in this case is the Del Rosa faction of the Alturas Indian Rancheria, a federally recognized Indian Tribe. Plaintiff sought a preliminary injunction to prohibit defendant California Gambling Control Commission from releasing funds held in trust for the Tribe to the Internal Revenue Service. The IRS is attempting to collect the funds pursuant to two Notices of Levy it issued to the defendant on June 27, 2011 and July 8, 2011 respectively.

    On August 1, 2011, Plaintiff, the Del Rosa Faction of the

1

Alturas Indian Rancheria filed suit against the California Gambling Control Commission ("CGCC") in Sacramento County Superior Court. See Notice of Removal, ECF No. 1. The complaint, which seeks declaratory and injunctive relief, alleges that plaintiff is entitled to monetary distributions from California's Revenue Sharing Trust Fund ("RSTF"). Pursuant to state law, those funds are distributed quarterly to participating tribes through the CGCC, as trustee. According to plaintiff, "at the beginning of 2010, the CGCC determined that a leadership dispute within the Tribe required the Commission to withhold RSTF distributions pending resolution of the dispute.[1]

On or about July 20, 2011, plaintiff became aware that the IRS had contacted the CGCC seeking levies against the Tribe's RSTF funds.[2] At a meeting held on July 28, 2011, the CGCC voted to recognize the levies and to allow the IRS to execute the levies. Plaintiff claims that the Tribe has no knowledge of what the levies correspond to, and requested time from the CGCC for the Tribe investigate the matter directly with the IRS. Plaintiff alleges that the CGCC's conduct constitutes breach of a tribal-state compact, and breach of the covenant of good faith and fair dealing. Plaintiff filed a motion for a temporary restraining order ("TRO")

---

[1] That leadership dispute is also at the center of a related action filed in this court, Alturas v. Salazar, 10-1997.

[2] In a letter from the CGCC to the IRS, CGCC indicated that it believed that the levies were related to unpaid employment taxes. See July 19, 2011 Letter from Tina Littleton to Fara Mills, ECF No. 9-2 at 99.

and preliminary injunction. The court granted the TRO without hearing or briefing by the defendants. The court held a hearing on plaintiff's preliminary injunction motion on August 29, 2011. Defendants have indicated that payment on the levies has not been made to the IRS.

Shortly before the hearing, the other faction of the Alturas Indian Rancheria (the "Rose faction") filed a Motion to Intervene as plaintiffs in this case. The motion is accompanied by a proposed motion for voluntary dismissal of the case. The motion to intervene is set for hearing on September 26, 2011.

At the hearing, defendant moved in open court to interplead the funds to the Clerk of Court, and the court granted the motion.

Upon granting of defendant's motion to interplead the funds, the motion for a preliminary injunction is DENIED as MOOT. It also appears, upon granting the motion, that for all purposes, the CGCC should be dismissed as a defendant in this case. However, the court hereby STAYS dismissal of CGCC from the case until the court rules on the pending motion to intervene by the Rose Faction.

Accordingly, the court ORDERS as follows:

[1] Defendant's motion, made in open court, for interpleader of the funds subject to the IRS levies issued on June 27, 2011 and July 8, 2011, is GRANTED. Defendant is hereby granted leave to deposit the funds with the Clerk of Court, pursuant to the procedures set forth in Local Rules 150. Upon making such deposit, CGCC, pursuant to 28 U.S.C. § 2361, shall be and is

1  hereby discharged from any further liability to the
2  United States with regard to the IRS levies.
3  [2] Dismissal of defendant CGCC from the case is STAYED
4  until further order of this court.
5  [3] Plaintiff's Motion for a Preliminary Injunction, ECF
6  No. 9, is DENIED as MOOT.
7  IT IS SO ORDERED.
8  DATED: September 1, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4