UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALTURAS INDIAN RANCHERIA,
a federally recognized
Indian tribe,

        Plaintiff,

   v.

CALIFORNIA GAMBLING
CONTROL COMMISSION, an
agency of the State of
California,

        Defendant.
_____/

NO. CIV. S-11-2070 LKK/EFB

O R D E R

This case is another arising from the dispute between members of the Alturas tribe. It is one more demonstration of why that case should settle, and why the ongoing dispute is not in the best interest of the tribe. This case involves funds held in trust by the California Gambling and Control Commission for the Alturas Valley Indian Rancheria, a federally-recognized Indian Tribe. Pending before the court is a Motion to Intervene by the United States. For the reasons stated herein, the motion to intervene is

1

1  GRANTED.

## I. Background

On August 1, 2011, Plaintiff, the Del Rosa Faction of the Alturas Indian Rancheria filed suit against the California Gambling Control Commission ("CGCC") in Sacramento County Superior Court. See Notice of Removal, ECF No. 1. The complaint, which seeks declaratory and injunctive relief, alleges that plaintiff is entitled to monetary distributions from California's Revenue Sharing Trust Fund ("RSTF"). Pursuant to state law, those funds are distributed quarterly to participating tribes through the CGCC, as trustee. According to plaintiff, "at the beginning of 2010, the CGCC determined that a leadership dispute within the Tribe required the Commission to withhold RSTF distributions pending resolution of the dispute." Mot. for a Temporary Restraining Order 3, ECF No. 9.

On or about July 20, 2011, plaintiff became aware that the IRS had contacted the CGCC seeking levies against the Tribe's RSTF funds.[1] At a meeting held on July 28, 2011, the CGCC voted to recognize the levies and to allow the IRS to execute the levies. Plaintiff claims that the Tribe has no knowledge of what the levies correspond to, and requested additional time for the Tribe to investigate the matter. Plaintiff alleges that the CGCC's conduct constitutes breach of a tribal-state compact, and breach of the

---

[1] In a letter from the CGCC to the IRS, CGCC indicated that it believed that the levies were related to unpaid employment taxes. See July 19, 2011 Letter from Tina Littleton to Fara Mills, ECF No. 9-2 at 99.

2

covenant of good faith and fair dealing.

This court granted a Temporary Restraining Order ("TRO") to plaintiffs on August 10, 2011. The TRO, which enjoined the CGCC from distributing funds from plaintiff's RSTF account, expired on August 29, 2011. See ECF No. 14. After a hearing on whether to issue a preliminary injunction, this court granted a motion by CGCC to interplead the funds subject to the IRS levies, and dismissed the preliminary injunction motion as moot. ECF No. 22. The court also granted a motion to intervene by the Rose Faction. See ECF No. 28.

Now before the court is a motion to intervene by the United States. The United States has also filed a proposed Motion to Dismiss, which it plans to pursue if intervention is granted. Plaintiff Del Rosa Faction opposes the intervention motion. Defendant CGCC and intervenor Rose Faction have filed statements of non-opposition.

## II. Standard for a Motion to Intervene

Intervention is governed by Fed. R. Civ. P. 24, which is broadly construed in favor of intervention in order to prevent or simplify future litigation on related matters. United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002). In determining whether the moving party is entitled to intervention, courts are "guided primarily by practical and equitable considerations," and Rule 24(a). Id.

## III. Analysis

The United States seeks intervention as of right under Fed.

R. Civ. P. 24(a)(2), or in the alternative, permissive intervention under Rule 24(b)(1).

**A. Intervention of Right under Fed. R. Civ. P. 24(a)**

A party is entitled to intervention of right if a federal statute grants the party an unconditional right to intervene, or if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). In such cases, the court must permit intervention so long as the party seeking intervention meets four elements: "(1) the application must be timely; (2) the applicant must have a 'significant protectable' interest relating to the transaction that is the subject of the litigation; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the parties before the court." League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). See also United States v. City of Los Angeles, 288 F.3d 391, 396 (9th Cir. 2002).

**i. Timeliness**

Timeliness is a threshold issue for intervention as of right; if a motion is determined to be untimely, there is no need to reach the remaining three elements. League of Latin American Citizens 131

F.3d at 1302. A motion to intervene is evaluated for timeliness based on: "(1) the state of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for an length of the delay." Id. A "substantial lapse of time [before a motion is filed] weighs heavily against intervention." Id.

This case was removed to federal court on August 3, 2011. The United State's motion was filed less than two months later, on September 21, 2011. This case is in the early stages. The Del Rosa faction does not argue that the motion to intervene is not timely. The court finds that there will be no undue prejudice to the parties if the motion is granted and that the motion was timely filed.

**ii. Significant Protectable Interest**

"An applicant has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998). The 'relationship' prong is met "only if the resolution of the plaintiff's claims actually will affect the applicant." Id.

The Unites States asserts that it has a protectable interest in "protecting the orderly system Congress has established for challenging the assessment or collection of federal taxes." The United States contends that this action was filed by plaintiff in order to thwart the IRS levies. Mot. to Intervene 4. Plaintiff does

5

not dispute that the U.S. has an interest protected under law in the right to collect taxes, but disputes that there is a relationship between that interest, and plaintiff's claims because the U.S. has not identified the source of the tax liability. Pl.'s Opp'n 2. This argument by plaintiff, however, is not on point. The protectable interest the United States is asserting is an interest in preserving the system that Congress has set up for collecting taxes, not in the collection of the particular taxes allegedly due in this case. As defendants point out, that system, articulated in the Anti-Injunction Act, requires taxpayers to pay first and litigate later: "the Court has interpreted the principal purpose of this language [of the Anti-Injunction Act" to be the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund." Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (U.S. 1974).

Without holding that the Anti-Injunction Act bars this suit, the court concludes that there is a relationship between plaintiff's claims and a significant protectable interest of the United States.

Additionally, the court notes that the United States has produced evidence showing the source of the tax liability at issue in order to directly refute plaintiff's only argument that a relationship between plaintiff's claim and proposed intervenor's interest has not been shown. See e.g., Decl. Hankla in Supp. of

6

[Proposed] Mot. to Dismiss, ECF No. 29-4.

**iii. The movant's ability to protect its interest**

Even where an applicant shows a significant protectable interest, "the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest." League of United Latin Am. Citizens, 131 at 1302. This element is closely related to the previous one discussed. Here, the United States asserts that it "needs to intervene in order to be able to directly oppose the Del Rosa Faction's attempt to short-circuit the 'pay first, litigate later' rule applicable to all tax-payers." The court agrees. If the court were to grant plaintiff's request for injunctive or declaratory relief, the United States would be unable to pursue the tax levies.

**iv. Whether the United State's interests are adequately represented by the parties before the court**

"[T]he burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate." Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 823 (9th Cir. 2001)(citing Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972). Plaintiff does not argue that any party currently before the court will adequately represent the United State's interest. The United States asserts that no party will ensure that all issues are properly addressed. The court finds that the United States has met its minimal burden.

7

**B. Permissive Intervention under Fed. R. Civ. P. 24(b)**

Because the court has found that the United States is entitled to intervention as of right under Rule 24(a), the court declines to consider whether permissive intervention is appropriate.

## IV. Conclusion

For the reasons stated herein, the court ORDERS as follows:

[1] The United State's Motion to Intervene, ECF No. 29, is GRANTED.

[2] The California Gambling and Control Commission is ORDERED to interplead the funds subject to the IRS levies issued on June 27, 2011 and July 8, 2011 within one (1) day of the issuance of this order, pursuant to this court's September 2, 2011 order, ECF No. 22.

IT IS SO ORDERED.

DATED: October 26, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8