UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALTURAS INDIAN RANCHERIA,
a federally recognized
Indian tribe,

        Plaintiff,

   v.

CALIFORNIA GAMBLING
CONTROL COMMISSION, an
agency of the State of
California,

        Defendant.
_____/

NO. CIV. S-11-2070 LKK/EFB

O R D E R

Plaintiff in this case is the Del Rosa Faction of the Alturas Valley Indian Tribe. The Del Rosas filed this action seeking to enjoin the California Gambling and Control Commission ("CGCC") from releasing funds held in trust for the Alturas Valley Indian Tribe to the IRS pursuant to two tax levies. Pending before the court are two motions to dismiss. One is by defendant-intervenor United States, and the other is a voluntary dismissal by plaintiff-intervenor, the Rose Faction of the Tribe.

1

## I. Background

Plaintiff, the Del Rosa Faction of the Alturas Indian Rancheria[1] filed suit this suit on August 1, 2011, against the California Gambling Control Commission ("CGCC") in Sacramento County Superior Court. See Notice of Removal, ECF No. 1. The complaint, which seeks declaratory and injunctive relief, alleges that plaintiff is entitled to monetary distributions from California's Revenue Sharing Trust Fund ("RSTF"). Pursuant to state law, those funds are distributed quarterly to participating tribes through the CGCC, as trustee. According to plaintiff, "at the beginning of 2010, the CGCC determined that a leadership dispute within the Tribe required the Commission to withhold RSTF distributions pending resolution of the dispute." Mot. for a Temporary Restraining Order 3, ECF No. 9.

On or about July 20, 2011, plaintiff became aware that the IRS had contacted the CGCC seeking levies against the Tribe's RSTF funds.[2] At a meeting held on July 28, 2011, the CGCC voted to recognize the levies and to allow the IRS to execute the levies. Plaintiff claims that the Tribe has no knowledge of what the levies correspond to, and requested time from the CGCC for the Tribe

---

[1] At the time this case was filed, there was a leadership dispute between two factions of the Tribe. The Del Rosa faction is the plaintiff in the instant litigation, and the Rose faction is a plaintiff-intervenor. The leadership dispute is at the heart of a related case, Alturas v. Salazar, 2:10-cv-1997-LKK-EFB.

[2] In a letter from the CGCC to the IRS, CGCC indicated that it believed that the levies were related to unpaid employment taxes. See July 19, 2011 Letter from Tina Littleton to Fara Mills, ECF No. 9-2 at 99.

investigate the matter directly with the IRS. Plaintiff alleges that the CGCC's conduct constitutes breach of a tribal-state compact, and breach of the covenant of good faith and fair dealing.

This court granted a Temporary Restraining Order ("TRO") to plaintiffs on August 10, 2011. The TRO, which enjoined the CGCC from distributing funds from plaintiff's RSTF account, expired on August 29, 2011. See ECF No. 14. After a hearing on whether to issue a preliminary injunction, this court granted a motion by CGCC to interplead the funds subject to the IRS levies, and dismissed the preliminary injunction motion as moot. ECF No. 22. The court has also granted motions to intervene by the Rose Faction and by the United States.

**II. Standard for a Motion to Dismiss under Fed R. Civ. P. 12(b)(1)**

It is well established that the party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936); Assoc. of Medical Colleges v. United States, 217 F.3d 770, 778-779 (9th Cir. 2000). On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the standards that must be applied vary according to the nature of the jurisdictional challenge.

Here, the challenge to jurisdiction is a facial attack. That is, the federal defendants contend that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule

3

12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994), Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990); see also 2-12 Moore's Federal Practice - Civil § 12.30 (2009). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

### III. Analysis

The Unites States asserts that the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the Declaratory Judgement Act, 28 U.S.C. § 2201, render this court without jurisdiction to enjoin payment to the IRS, the relief sought by plaintiff.

**A. The Anti-Injunction Act**

The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides: "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." The Supreme Court recognizes a single narrow exception to the Anti-Injunction Act: "An injunction may be obtained against the collection of any tax if (1) it is 'clear that under no circumstances could the government ultimately prevail' and (2) 'equity jurisdiction' otherwise exists, i. e., the taxpayer shows

that he would otherwise suffer irreparable injury." Church of Scientology v. United States, 920 F.2d 1481, 1485 (9th Cir. 1990)(quoting Commissioner v. Shapiro, 424 U.S. 614, 627 (1976)).

The purpose of the Anti-Injunction Act is to protect the 'pay first and litigate later' system that Congress has set up for the collection of taxes. "The Court has interpreted the principal purpose of this language [of the Anti-Injunction Act" to be the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund." Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (U.S. 1974).

The Ninth Circuit has held that the "statutory ban against judicial interference with the assessment or collection of taxes is equally applicable to activities which are intended to or may culminate in the assessment or collection of taxes." Blech v. United States, 595 F.2d 462, 466 (9th Cir. 1979). In that case, plaintiffs sought an injunction to preclude the IRS from, among other things, further examination of plaintiffs' business records or deficiency notices. The District Court found that it lacked jurisdiction to grant the relief prayed for in the complaint, and the Ninth Circuit affirmed, holding that the action was "a prohibited suit to enjoin tax assessment and collection." Id.

Moreover, the Ninth Circuit has applied the Anti-Injunction Act to suits seeking to restrain third-parties from disbursing money to the IRS. See Bright v. Bechtel Petroleum, Inc., 780 F.2d

766, 770 (9th Cir. 1986)(holding that the district court properly applied the Anti-Injunction Act in dismissing a suit against an employer for wrongful withholding of taxes because the action "can be viewed as one to restrain collection. . . of federal income taxes."). See also Maxfield v. United States Postal Service, 752 F.2d 433 (9th Cir. 1984).

The Fourth Circuit has held the same, outside the context of employment tax withholdings. In International Lotto Fund v. Virginia State Lottery Dep't, 20 F.3d 589, 591 (4th Cir. 1994), the Fourth Circuit held that the district court lacked jurisdiction to grant injunctive relief to an Australian-owned lotto fund, requiring the Virginia State Lottery to pay the full amount of lottery prizes won by the fund without withholding any taxes. Over the Australian fund's objections that it was entitled to tax exemptions under a treaty, the Fourth Circuit held that the fund had a perfectly valid remedy, "to pay the tax under protest and then seek a refund." Id. Further, relevant to the instant case, the International Lotto court noted: "Regardless of how the claim is labeled, the effect of an injunction here is to interfere with the assessment or collection of a tax. The Fund is not free 'to define the relief it seeks in terms permitted by the Anti-Injunction Act' while 'ignoring the ultimate deleterious effect such relief would have on the Government's taxing ability.'" Id. (quoting Educo, Inc. v. Alexander, 557 F.2d 617, 620 (7th Cir. 1977))

Here, the Del Rosas insist that their case is not barred because they seek "only to exercise the government-to-government

6

relationship. . . to determine the underlying origin of the tax liability before executing the levies." Pl.'s Opp'n to the United State's Mot. 3:22-24. The Tribe also characterizes the relief it seeks as "involv[ing] a declaration of the rights and obligations of the parties to the Tribal-State Compact, and seeks to compel the CGCC to exercise its fiduciary duty to the Tribe." Id. 5:8-10. In doing so, the Del Rosas ignore the deleterious effect such relief would have on the government's taxing ability, as protected by the Anti-Injunction Act.

The court concludes that this action falls squarely within the prohibition in the Anti-Injunction Act. Accordingly, the court holds that it lacks jurisdiction to hear plaintiff's claim for injunctive relief.

**B. The Declaratory Judgment Act**

Plaintiff requests a declaratory judgment that plaintiff is the sole beneficiary of RSTF monies held for the benefit of the Tribe, and that the disbursement of RSTF funds by defendant CGCC to the IRS constitutes a breach of the Tribal-State Compact a and a breach of the covenant of good faith and fair dealing.

The Declaratory Judgment Act provides "In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1986. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such

declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 USCS § 2201 (emphasis added). The Declaratory Judgment Act, like the Anti-Injunction Act, is an expression of "the congressional antipathy for premature interference with the assessment or collection of any federal tax. . . the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act." Bob Jones Univ. v. Simon, 416 U.S. 725, 732 (1974).

Plaintiff's request for a declaratory judgment that the disbursement of funds to the IRS clearly falls within the federal tax exception to the Declaratory Judgment Act. Similarly, the court concludes that plaintiff's request for a declaratory judgment that plaintiff is the sole beneficiary of RSTF monies held for the benefit of the Tribe is an attempt to "to define the relief it seeks in terms permitted by the" Declaratory Judgment Act, while "ignoring the ultimate deleterious effect such relief would have on the Government's taxing ability." International Lotto Fund v. Virginia State Lottery Dep't, 20 F.3d 589, 591 (4th Cir. 1994).

Accordingly, the court finds that it lacks jurisdiction to hear plaintiff's request for declaratory relief.

### IV. Conclusion

For the reasons stated herein, the court ORDERS as follows:

    [1] The Motion to Dismiss by Defendant-Intervenor United States, ECF No. 44, is GRANTED. The case is DISMISSED.

    [2] The Motion to Dismiss by Plaintiff-Intervenor, ECF No. 48, is DENIED as moot.

1       [3] The clerk of court SHALL disburse the funds
2   interpleaded to the court pursuant to ECF No. 43 to
3   Defendant-Intervenor United States at the following
4   address:
5       W. Carl Hankla
6       c/o Tax FLU
7       U.S. Department of Justice
8       555 Fourth St., N.W., Room 6647
9       Washington, D.C. 20001
10 IT IS SO ORDERED.
11 DATED: December 8, 2011.

*[signature]*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

9